FILED'06 DEC 01 16:04 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE MARIANO-SANTOS,

    Petitioner,

v.

SHARON BLACKETTER,

    Respondent.

Civil No. 05-595-KI

OPINION AND ORDER

NOEL GREFENSON
1415 Liberty Street, S.E.
Salem, Oregon 97302

    Attorney for Petitioner

HARDY MYERS
Attorney General
DOUGLAS PARK
Assistant Attorney General
Department of Justice
1162 Court Street, N.E.
Salem, Oregon 97301

    Attorneys for Respondent

///

1 - OPINION AND ORDER -

KING, Judge.

Petitioner, an inmate at Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's amended habeas corpus petition (#27) is DENIED, and this proceeding DISMISSED.

## BACKGROUND

Petitioner was indicted by a grand jury for Attempted Murder with a Firearm, Unlawful Use of a Weapon with a Firearm, Assault in the Fourth Degree, and Menacing arising from an incident at his home on May 11, 2002. Pursuant to plea negotiations, petitioner pled guilty to one count of Attempted Murder with a Firearm. In exchange, the state dismissed all other counts in the indictment, and the federal government agreed not to prosecute on federal offenses relating to his possession of a firearm. The plea petition specified a presumptive sentence of 90 months for Attempted Murder, but did not specify the maximum possible statutory sentence.

Following a hearing, Petitioner's plea was accepted by the Honorable John W. Hitchcock. The plea petition was signed by Petitioner, counsel and a certified court interpreter. Judge Hitchcock sentenced Petitioner to a 90-month term of imprisonment and 36 months post-prison supervision.

Petitioner did not file a direct appeal from his conviction or sentence. However, Petitioner filed a timely petition for post-

conviction relief (PCR) alleging he received ineffective assistance of counsel resulting in a guilty plea that was not knowing, voluntary or intelligent. The PCR court denied relief. Petitioner appealed, the Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. *Mariano-Santos v. Santos*, 193 Or.App. 823, 94 P.3d 913 (2004), *rev. denied*, 338 Or. 16 (2005).

In the instant proceeding, Petitioner alleges he received ineffective assistance of counsel resulting in a guilty plea that was not knowing, voluntary or intelligent. Petitioner contends that this Court need not defer to PCR court findings, claiming that the state court applied the incorrect standard of proof in denying relief. Respondent contends that the state court decision was neither contrary to, nor an unreasonable application of clearly established federal law as determined by the Supreme Court, thus precluding habeas relief.

## STANDARDS

To prevail on his habeas claim, Petitioner must show that the state PCR court's decision is contrary to, or an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). An "unreasonable application of clearly established Federal law" occurs if a state court identifies the proper governing legal principles from Supreme Court decisions, but unreasonably applies them to the facts of the case. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A finding of unreasonableness requires that the state court decision be more

3 - OPINION AND ORDER -

than incorrect or erroneous; it must be objectively unreasonable. *Id.* at 409-12. The unreasonable application clause governs the review of the instant petition as the state court correctly identified the controlling legal precedent for Petitioner's claim.

## DISCUSSION

The controlling legal principles for evaluating claims of ineffective assistance of counsel were articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Gonzalez-Lopez*, 126 S.Ct. 2557, 2562-63 (2006), *Frierson v. Woodford*, 463 F.3d 982, 988 (9th Cir. 2006), *Reynoso v. Giurbino*, 462 F.3d 1099, 1102 (9th Cir. 2006). In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the Supreme Court extended *Strickland's* principles to evaluating the performance of counsel in the context of challenges to a guilty plea.

A prisoner challenging a guilty plea must (1) show that counsel's representation fell below objective standards of reasonableness, and (2) affirmatively prove that there is a reasonable probability that, but for counsel's deficient representation, he would not have pleaded guilty and would have gone to trial instead. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]." *Strickland*, 466 U.S. at 694.

Petitioner contends that although the state PCR court correctly identified *Strickland* as the governing authority, it incorrectly

applied a preponderance of the evidence standard to his claim. Petitioner argues that in light of this error, 28 U.S.C. § 2254(d)(1) does not govern this court's analysis and he seeks *de novo* review. As set forth below, I disagree with Petitioner's contention that the PCR court used the wrong standard of proof. Alternatively, even if given *de novo* review, Petitioner's claim of ineffective assistance of counsel fails.

To prevail in his state post-conviction proceeding, Petitioner had the burden of proving the facts underlying his claim of ineffective assistance of counsel by a preponderance of the evidence. Or. Rev. Stat. § 138.620(2)(2005). Courts have repeatedly held that litigants seeking to prevail in a collateral proceeding must prove the *facts* of their case by a preponderance of the evidence. *Holland v. Jackson*, 542 U.S. 649, 654 (2004), *Alcala v. Woodford*, 334 F.3d 862, 869 (9th Cir. 2003).

Following the PCR trial proceeding, the state court issued the following Conclusions of Law:

1. Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984), or the Constitution of the State of Oregon.

2. Petitioner's claims of trial court error are barred by *Palmer v. State of Oregon*, 318 Or 352 (1994), *Lerch v. Cupp*, 9 Or App 508 (1972), and *Hunter v. Maass*, 106 Or App 438 (1991).

5 - OPINION AND ORDER -

///

> 3. Petitioner did not prove any of his claims by a preponderance of the evidence.

Petitioner contends that conclusion #3 demonstrates that the PCR court applied the wrong standard of proof to his claim. I disagree. Conclusion #3 is distinct from the court's specific conclusion #1 that "petitioner was not denied the right to assistance of counsel" under *Strickland.* In my view, this distinction indicates that the PCR court applied the preponderance of the evidence standard to the underlying *facts* presented in support of petitioner's post-conviction claims, not in its *application* of *Strickland* to the facts.

Petitioner alleged numerous short-comings in counsel's representation and had the burden of proving the underlying facts by a preponderance of the evidence. The state court made the following Findings of Fact:

> 2. Petitioner received adequate assistance of counsel.
>
> 3. Petitioner entered into a knowing, voluntary, and intelligent plea; and counsel's advice to petitioner regarding his plea was sound.
>
> 4. Counsel did not fail to fully and properly investigate and prepare petitioner's case; the evidence against petitioner did rise to the level of attempted murder.
>
> 5. Counsel adequately assisted petitioner in making an informed decision regarding his plea.
>
> * * *
>
> 7. Counsel adequately represented petitioner at both his plea and sentencing hearings.

6 - OPINION AND ORDER -

> \* \* \*
>
> 10. Counsel secured a plea agreement which was accurate and appropriate for the crime which petitioner committed.
>
> \* \* \*
>
> 12. Counsel met with petitioner and reviewed petitioner's case with him. Counsel's advice to petitioner was sound.
>
> 13. Counsel did not mislead petitioner regarding the plea agreement. Petitioner was aware of the sentence to be imposed prior to pleading.
>
> 14. Counsel adequately explained the evidence against petitioner to petitioner.

In the context of Petitioner's allegations and the above findings of fact, conclusion #3 speaks to Petitioner's burden of proving the facts underlying his claims of counsel's deficiencies. The application of the preponderance of the evidence standard to the *underlying facts,* in accordance with Or. Rev. Stat. § 138.620(2), does not equate with the PCR court applying the preponderance standard in its application of *Strickland.*

Having rejected Petitioner's contention that the PCR court applied the wrong standard in its decision, this court is bound by § 2254(d)(1). I presume the state court factual findings to be correct, 28 U.S.C. § 2254(e)(1), and grant relief only upon a showing that the PCR court decision was an unreasonable application of *Strickland*.

The evidence the PCR court considered in evaluating counsel's representation included Petitioner's statements to the court,

7 - OPINION AND ORDER -

Petitioner's deposition, and the transcripts of the plea hearing and sentencing. The plea hearing transcripts reveal that an interpreter was present, and that during the hearing the court asked Petitioner if an interpreter was used to translate the plea petition. Petitioner acknowledged the assistance of the interpreter and indicated that he had carefully gone over the plea petition and understood what had been interpreted to him in Spanish.

Petitioner's deposition, also conducted with the assistance of a certified court interpreter, reveals petitioner's interest in obtaining a reduction in time to be served. It does not include evidence Petitioner had a strong interest in going to trial. The signed plea petition, with counsel's certification that he discussed the charges in the indictment, the maximum penalty applicable to each, and sentencing guidelines with his client, and that it was counsel's opinion Petitioner's plea was "voluntary, and understandingly made" was also before the court. In light of the evidence before the PCR court, it was not an unreasonable application *Strickland* for the PCR court to conclude counsel's representation was not constitutionally deficient.

Even if this court found the PCR court's determination as to counsel's representation objectively unreasonable, to prevail Petitioner also had to show prejudice from counsel's deficient representation. *Strickland*, 466 U.S. at 697. To show prejudice, a prisoner must show that there is a reasonable probability that, but

8 - OPINION AND ORDER -

for counsel's deficient representation, he would not have pleaded guilty and would have gone to trial instead. *Hill*, 474 U.S. at 59. In his Formal Petition for Post-conviction Relief, Petitioner did not allege that but for counsel's deficient representation he would not have pled guilty, and would have insisted on going to trial. Furthermore, in his deposition and at the PCR trial, Petitioner's emphasis was on a desire to have his sentence reduced. He did not testify that he would have chosen to go to trial and he did not show that a reasonable probability existed that he would not have pled guilty but for counsel's alleged deficient representation.

In his habeas brief, Petitioner argues that we can infer that, but for counsel's threats of a 20-year sentence if convicted at trial, "[there is] a reasonable probability that petitioner would not have pleaded guilty and would instead have exercised his right to trial by jury." Pet. Br. 9. However, an inference does not comport with *Strickland's* requirement that Petitioner "affirmatively prove prejudice," which in the context of a guilty plea translates to showing a reasonable probability that he would not have pled guilty. A reasonable probability is not an inference, it is "a probability sufficient to undermine confidence in the outcome [of the proceedings]." *Strickland*, 466 U.S. at 694.

Furthermore, although Petitioner claimed in his deposition that his attorney tricked him into pleading guilty by telling him a conviction at trial could get him 20 years, Petitioner stated "My

9 - OPINION AND ORDER -

attorney said I was going to get probably probation and probably 90 months, and that sounded a lot better than the 20 years they give me." Dep. 5:22-24, Jan. 6, 2003. In a follow-up question to clarify Petitioner's understanding of the probable sentence, he was asked, "He told you 90 months, or he told you probation?" Petitioner answered, "90 months he said, uh huh."

In light of Petitioner's testimony, the fact the statutory maximum term of imprisonment for attempted murder is 20 years, and the fact Petitioner faced possible federal prosecution related to his possession of a firearm had he not accepted the plea agreement, Petitioner failed to show that there is a reasonable probability he would have gone to trial absent counsel's alleged deficiencies.

In sum, Petitioner did not show that the PCR court applied the wrong legal standard in its decision, and in light of the evidence before the PCR court it was not an unreasonable application of *Strickland* for that court to conclude counsel's representation was not constitutionally deficient. Even if given *de novo* review, Petitioner's claim fails both prongs of the *Strickland* test.

///
///
///
///
///
///

10 - OPINION AND ORDER -

## CONCLUSION

Based on the foregoing, Petitioner's amended habeas corpus petition (#27) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 30 day of November, 2006.

_____
Garr M. King
United States District Judge

11 - OPINION AND ORDER -